KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JUAN HERNANDEZ-GARCIA, )<br>)<br>Defendant. )<br>_____ ) | CRIM. CASE NO.   08CR1004-H<br><br>DATE:   May 19, 2008<br>TIME:   2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On April 2, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with Deported Alien Found In the United States, in violation of Title 8, United States Code, Section 1326(a) and (b). The Indictment alleges that Defendant had been

removed from the United States subsequent to November 26, 2004. Defendant was arraigned on the Indictment on April 10, 2008, and pled not guilty to the Indictment.

## II

## STATEMENT OF FACTS

### A.  THE INSTANT OFFENSE

On January 23, 2008, at approximately 3:50 p.m., Officer Whitaker of the Escondido Police Department stopped Defendant for riding his bicycle on the sidewalk, which is a violation of Escondido Municipal Code 5-5. Defendant identified himself as Juan Hernandez Garcia with a date of birth of December 1, 1979. Defendant stated that he had never been arrested nor issued a citation from the police. Hernandez further stated that he had no form of identification and that he had no other names.

While questioning Defendant, Officer Whitaker noticed that Defendant's speech was rapid and that his hands were fidgety. At one point during the questioning, Defendant stood up against Officer Whitaker's instructions. In order to prevent Defendant from fleeing before determining his identification, Officer Whitaker handcuffed Defendant. Officer Whitaker then asked Defendant if he could search him for identification. Defendant consented to the search. While searching Defendant's right lower leg, Officer Whitaker noticed a piece of clear plastic sticking out of Defendant's right shoe. When Officer Whitaker removed the clear plastic bag, he recovered a glass drug pipe with white residue inside of it.

During the detention, Defendant's cell phone rang twice. Defendant requested that Officer Whitaker answer his phone. The first time the caller asked for "Brian Hernandez." Officer Whitaker identified himself to the caller and explained that he must have the wrong number. Immediately after hanging up the phone, it rang again. When Officer Whitaker answered the phone, a similar voiced caller asked for "Juan."

Officer Whitaker then transported Defendant to the Escondido Police Department to confirm Defendant's identity. At the police department, Officer Whitaker discovered Defendant's true identity by using a booking computer. The records check revealed that Defendant had a warrant under the

1 name of Bryan Diaz Hernandez. The records check also revealed that Defendant was previously
2 deported from the United States.

3 Officer Whitaker then advised Defendant of his <u>Miranda</u> rights, which he acknowledged and
4 waived. Officer Whitaker then questioned Defendant about the glass pipe recovered from his shoe.
5 Defendant was later booked into Vista County Jail.

6 While in custody, Immigration and Customs Enforcement Agent G. Bautista conducted a field
7 interview of Defendant. Defendant freely admitted that he was in the United States illegally and had
8 no immigration documents that would allow him to enter or remain in the United States. After
9 determining that Defendant was a citizen of Mexico, Defendant was transported to the Immigration
10 Customs Enforcement Field Office in San Diego for further investigation. Record checks revealed that
11 Defendant was previously deported or removed from the United States. Defendant was then advised
12 of his <u>Miranda</u> rights, which he again acknowledged and waived. Defendant stated that his true name
13 was Juan Manuel Hernandez-Garcia. Additionally, Defendant admitted that he was a citizen of the
14 Mexico by birth in Jalisco, Mexico. Defendant stated that he had not obtained permission to enter the
15 United States and that he did not have any documents that would allow him to enter or reside in the
16 United States. Lastly, Defendant admitted that he knew it was against the law to re-enter the United
17 States after being deported.

18 **B.    DEFENDANT'S IMMIGRATION HISTORY**

19 Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or
20 November 3, 1998. Defendant was physically removed from the United States on several occasions,
21 including October 28, 1997, July 24, 1998, November 3, 1998, July 16, 1999, July 7, 2000,
22 June 18, 2001, July 27, 2004 and December 15, 2006.

23 **III**
24 **GOVERNMENT'S MOTIONS**
25 **A.    MOTION FOR RECIPROCAL DISCOVERY**
26 **1.    RULE 16(b)**
27 The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests
28 that Defendant permit the United States to inspect, copy, and photograph any and all books, papers,

documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.     RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.     Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity,

1  rather for than investigatory purposes, the Fourth Amendment is not implicated.  The Ninth Circuit
2  in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the
3  Government's ability to compel a defendant to submit to fingerprinting for purposes of
4  identification at trial.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004)
5  (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).   Furthermore, an order
6  requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth
7  Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth
8  Amendment privilege "offers no protection against compulsion to submit to fingerprinting");
9  Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of
10 Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth
11 Amendment).

## IV

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: May 2, 2008

                                                Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito

LUELLA M. CALDITO
Assistant U.S. Attorney
Luella.Caldito@usdoj.gov

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1004-H |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| JUAN HERNANDEZ-GARCIA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Bridget Kennedy, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2008

/s/ Luella M. Caldito
LUELLA M. CALDITO