**BRIDGET KENNEDY**
California State Bar No. 253416
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: Bridget_Kennedy@fd.org

Attorneys for Mr. Hernandez-Garcia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR0488-MLH |
| Plaintiff, | ) | DATE: MAY 19, 2008 |
| | ) | TIME: 2:00 P.M. |
| v. | ) | |
| JUAN HERNANDEZ-GARCIA, | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | ) | |

## I.

### STATEMENT OF FACTS[1]

The government alleges that Mr. Hernandez-Garcia is an alien who has previously been excluded, deported, and removed from the United States, and that on or about January 23, 2008, Mr. Hernandez-Garcia was found in the United States in violation of 8 U.S.C. §1326.

---

[1] The following statement of facts and any facts further cited in this motion are based on the government's 18 U.S.C. §1326 complaint against Mr. Hernandez-Garcia. Mr. Hernandez-Garcia in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

## II.

### THIS COURT SHOULD COMPEL DISCOVERY AND ORDER

### THE PRESERVATION OF THE EVIDENCE

As of the filing of these motions, the Government has provided Mr. Hernandez-Garcia with 111 pages of discovery. As of the date of the filing of these motions, Mr. Hernandez-Garcia has not received complete discovery related to the purported removal, nor has the A-file discovery, including a recording of the alleged deportation, been provided.

Mr. Hernandez-Garcia moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is

2

1  all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See</u>

2  <u>also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos

3  from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the

4  defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i).

5  Preservation of rough notes is requested, whether or not the government deems them discoverable.

6  **(3) <u>Mr. Hernandez-Garcia's "A-File."</u>  Mr. Hernandez-Garcia requests <u>the Court enter an</u>**

7  **<u>order</u> giving him the opportunity for his attorney and/or a defense investigator to inspect and copy**

8  **the entire contents of his immigration "A-File" at a time mutually convenient to both parties. A**

9  **proposed order will be sent via electronic mail to Chambers as well as to the Assistant United**

10 **States Attorney.**

11 (4) <u>Brady Material</u>.  Mr. Hernandez-Garcia requests all documents, statements, agents' reports,

12 and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

13 of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition

14 of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v.</u>

15 <u>Agurs</u>, 427 U.S. 97 (1976).

16 (5)  <u>Any Information That May result in a Lower Sentence Under The Guidelines</u>.  As discussed

17 above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request

18 includes any cooperation or attempted cooperation by the defendant, as well as any information that

19 could affect any base offense level or specific offense characteristic under Chapter Two of the

20 Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a

21 determination of the defendant's criminal history, or any other application of the Guidelines.

22 (6) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P.

23 16(a)(1)(D).  Counsel specifically requests a complete copy of any criminal record.

24 (7) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R.

25 Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon

26 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

27 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at

28

1  trial.  The defendant requests that such notice be given three weeks before trial in order to give the

2  defense time to adequately investigate and prepare for trial.

3      (8) <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a

4  warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

5      (9) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch

6  tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession,

7  custody, or care of the government and which relate to the arrest or the events leading to the arrest in this

8  case be preserved.  This request includes, but is not limited to, individuals , the results of any fingerprint

9  analysis, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant

10  or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and

11  individuals involved in the prosecution and investigation of this case to determine if such evidence

12  exists, and if it does exist to inform those parties to preserve any such evidence.

13      (10) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity

14  to inspect and copy as well as test, if necessary, all other documents and tangible objects, including

15  photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof

16  which are material to the defense or intended for use in the government's case-in-chief or were obtained

17  from or belong to the defendant.

18      (11) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective

19  government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his

20  or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197

21  (9th Cir. 1988).

22      (12) <u>Impeachment evidence</u>.  Mr. Hernandez-Garcia requests any evidence that any prospective

23  government witness has engaged in any criminal act whether or not resulting in a conviction and whether

24  any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such

25  evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197

26  (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence

27  that detracts from a witness' credibility).

28

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Mr. Hernandez-Garcia requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(15) <u>Witness Addresses</u>. The defense requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(16) <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Hernandez-Garcia requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

(17) <u>Statements Relevant to the Defense</u>. Mr. Hernandez-Garcia requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This includes recordings of any alleged deportation proceedings.

(18) <u>Jencks Act Material</u>. The defense requests all material to which Mr. Hernandez-Garcia is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

1   tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

2   interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v.

3   United States, 373 U.S. 487, 490-92 (1963).

4          (19) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

5   requests all statements and/or promises, expressed or implied, made to any government witnesses, in

6   exchange for their testimony in this case, and all other information which could arguably be used for the

7   impeachment of any government witnesses.

8          (20) Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the

9   defendant requests the reports of all tests and examinations conducted upon the evidence in this case.

10  Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is

11  within the possession, custody, or control of the government, the existence of which is known, or by the

12  exercise of due diligence may become known, to the attorney for the government, and which are material

13  to the preparation of the defense or are intended for use by the government as evidence in chief at the

14  trial.

15         (21) Henthorn Material.  The defense requests that the prosecutor review the personnel files of

16  the officers involved in his arrests, and those who will testify, and produce to him any exculpatory

17  information at least two weeks prior to trial and one week prior to the motion hearing.  See United States

18  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is uncertain

19  whether certain information is to be turned over pursuant to this request, that it produce such information

20  to the Court in advance of the trial and the motion hearing for an in camera inspection.

21         (22) Informants and Cooperating Witnesses.  Mr. Hernandez-Garcia requests disclosure of the

22  names and addresses of all informants or cooperating witnesses used or to be used in this case.  The

23  government must disclose the informant's identity and location, as well as disclose the existence of any

24  other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53,

25  61-62 (1957).  Mr. Hernandez-Garcia also requests disclosure of any information indicating bias on the

26  part of any informant or cooperating witness.  Giglio v. United States, 405 U.S. 150 (1972).  Such

27  information would include inducements, favors, payments, or threats made to the witness to secure

28  cooperation with the authorities.

(23) <u>Expert Witnesses</u>.  The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications.  Fed. R. Crim. P. 16(a)(1)(G).

(24) <u>Residual Request</u>.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Mr. Hernandez-Garcia requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

**III.**

**<u>ANY STATEMENTS MADE BY HERNANDEZ-GARCIA
SHOULD BE SUPPRESSED</u>**

**A.     <u>The Government Must Demonstrate Compliance With <em>Miranda</em></u>.**

1.     <u><em>Miranda</em> Warnings Must Precede Custodial Interrogation</u>.

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966); <u>see also</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 428 (1984) (restating <u>Miranda</u> principles).  Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.  <u>Id.</u>  <u>See</u> <u>Orozco v. Texas</u>, 394 U.S. 324, 327 (1969).

When the police officer originally interrogated Mr. Hernandez-Garcia, no reasonable person could have felt free to leave.  Once a person is in custody, <u>Miranda</u> warnings must be given prior to any interrogation.  <u>See</u> <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the <u>Miranda</u> requirement not only must probable cause exist but also a person must reasonably believe that he is not free to leave).  Those warnings must advise the defendant of each of his or her "critical" rights.  <u>United States v. Bland</u>, 908 F.2d 471, 474 (9th Cir. 1990).  If a defendant indicates that he wishes to remain silent or requests counsel, the

7

1  interrogation must cease.  <u>Miranda</u>, 384 U.S. at 474.  <u>See also</u> <u>Edwards v. Arizona</u>, 451 U.S.

2  477, 484 (1981).

3  **B.    Hernandez-Garcia's Statements Were Involuntary.**

4      Even when the procedural safeguards of <u>Miranda</u> have been satisfied, a defendant in a

5  criminal case is deprived of due process of law if his conviction is founded upon an involuntary

6  confession.  <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991); <u>Jackson v. Denno</u>, 378 U.S. 368, 387

7  (1964).  The government bears the burden of proving that a confession is voluntary by a

8  preponderance of the evidence.  <u>Lego v. Twomey</u>, 404 U.S. 477, 483 (1972).

9      In order to be voluntary, a statement must be the product of a rational intellect and free

10  will.  <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1960).  In determining whether a defendant's

11  will was overborne in a particular case, the totality of the circumstances must be considered.

12  <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973).

13      A confession is deemed involuntary if coerced by physical intimidation or psychological

14  pressure.  <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963).  "The test is whether the confession was

15  'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises,

16  however slight, [or] by the exertion of any improper influence.'"  <u>Hutto v. Ross</u>, 429 U.S. 28, 30

17  (1976) (quoting <u>Bram v. United States</u>, 168 U.S. 532, 542-43 (1897)).  <u>Accord</u> <u>United States v.</u>

18  <u>Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).  The government bears a heavy burden in

19  demonstrating that  a confession is voluntary and the finding of voluntariness "'must appear

20  from the record with unmistakable clarity.'"  <u>Davidson</u>, 768 F.2d at 1270.  Here, such a finding

21  cannot be made.

22  **C.    This Court Should Conduct An Evidentiary Hearing.**

23      This Court should conduct an evidentiary hearing to determine whether Hernandez-

24  Garcia's statements should be admitted into evidence.  Under 18 U.S.C. § 3501(a), this Court is

25  required to determine, outside the presence of the jury, whether any statements made by

26  Hernandez-Garcia are voluntary.  In addition, § 3501(b) requires this Court to consider various

27  enumerated factors, including whether Hernandez-Garcia understood the nature of the charges

28

against him and whether he understood his rights.  Without evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, section 3501(a) requires this Court to make a factual determination.  Where a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12.  See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990).  Because "'suppression hearings are often as important as the trial itself,'" id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Hernandez-Garcia and defense counsel have received 111 pages of discovery from the government.  It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions.  Mr. Hernandez-Garcia requests a further opportunity to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the reasons stated above, Mr. Hernandez-Garcia moves this Court to grant his motions.

Respectfully submitted,

Dated: May 5, 2008

_/s/ Bridget Kennedy_____
**BRIDGET KENNEDY**
**Federal Defenders of San Diego, Inc.**
Attorneys for Mr. Hernandez-Garcia
Bridget_Kennedy@fd.org