**BRIDGET KENNEDY**
California State Bar No. 253416
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: bridget_kennedy@fd.org

Attorneys for JUAN MANUEL HERNANDEZ-GARCIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JUAN MANUEL HERNANDEZ-GARCIA, )<br>  )<br>        Defendant.  )<br>  ) | CASE NO. 08CR1004-MLH<br><br>DATE: September 15, 2008<br>TIME: 2:00 p.m.<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |

        Mr. Hernandez-Garcia withdraws his motion insofar as he argues that the immigration judge erroneously failed to inform him that he was eligible for adjustment of status.[1] Nonetheless, Mr. Hernandez-Garcia's appellate waiver was not considered and intelligent because the immigration judge failed to inform him that he was eligible for voluntary departure.

        For the sake of clarity, the section of Mr. Hernandez-Garcia's motion from which he withdraws is: Section A.1.A.1. "Mr. Hernandez-Garcia was Eligible to Adjust his Status to that of a Person Admitted for Permanent Residence," which is on pages 7-8 of his original motion.

//
//
//

---

[1] This argument was originally made based on defense counsel's factual mistake, which the government noticed and corrected in its response brief. Counsel apologizes for this oversight.

## I.

## THE GOVERNMENT FAILED TO SHOW THAT MR. HERNANDEZ-GARCIA WAS NOT ELIGIBLE FOR VOLUNTARY DEPARTURE

The government argues [Government's Response at 9-10] that Mr. Hernandez-Garcia was not eligible for a grant of voluntary departure in his 1998 removal hearing because of the limitation in 8 U.S.C. § 1229c(c), which states that "[t]he Attorney General shall not permit an alien to depart voluntarily under this section if the alien was previously permitted to so depart after having been found inadmissible under section 1182(a)(6)(A) of this title." This limitation did not apply to Mr. Hernandez-Garcia because Mr. Hernandez-Garcia was never permitted to voluntarily depart from the United States. Additionally, the government argues [Government's Response at 9-10] that Mr. Hernandez-Garcia was not eligible for voluntary departure because he received the main benefit of voluntary departure -- being permitted to apply for admission into the United States. As is discussed below, Mr. Hernandez-Garcia was effectively denied this, and any other benefit of voluntary departure.

**1.  Mr. Hernandez-Garcia was Never Permitted to Voluntarily Depart the United States.**

The government argues that Mr. Hernandez-Garcia was ineligible for voluntary departure in 1998 because he had previously been granted voluntary departure in 1997, citing to 8 U.S.C. § 1229c(c). This is a misinterpretation of § 1229c(c)'s limitation. The language is clear -- a grant of voluntary departure is improper "if the alien was previously *permitted to so depart*." 8 U.S.C. § 1229c(c) (emphasis added). It is not based on whether an immigration judge had previously granted an order of removal, as the government states. As Mr. Hernandez-Garcia's situation makes clear, an alien may be both granted an order of voluntary departure and also not permitted to so depart. In such a unique situation, the alien is not, under the plain language of § 1229c(c), prohibited from being granted voluntary departure a second time.

The government asserts that Mr. Hernandez-Garcia argues that his illegal removal changed the grant of voluntary departure into an order of removal, and as such it is an illogical result. This mis-characterizes Mr. Hernandez-Garcia's argument, which is much simpler. Mr. Hernandez-Garcia does not argue that his illegal removal changed the immigration judge's order. Mr. Hernandez-Garcia argues that he was both granted an order of voluntary departure, and denied the opportunity to voluntarily depart. It is true

that this might have led to Mr. Hernandez-Garcia both having the benefit of not having been removed, and also being eligible for an order of voluntary departure. However, any illogical results are the fault of the immigration agents who violated the judge's orders -- not the fault of following the plain language of § 1229c(c).

It is the government's argument that leads to an illogical result. The government argues that this illegal removal should be treated just as any proper voluntary departure -- where the alien actually was permitted to voluntarily depart. The result is that immigration officials could physically remove aliens who had been granted voluntary departure, with no recourse for the error. The more logical and correct interpretation of the limitation in § 1229c(c) is that it means exactly what it says -- aliens who have been *permitted* to voluntarily depart (and thus have also been granted an order of voluntary departure) are prohibited from receiving a subsequent grant of voluntary departure. In this case there is no reason to look beyond the plain and simple meaning of the statute, even if it means that on very rare occasion an alien might receive the benefit of not having been ordered removed, and also have the opportunity to apply for a subsequent grant of voluntary departure. See i.e., Tennessee Valley Authority v. Hill, 437 U.S. 153, 185 fn 29 (1978) ("When confronted with a statute which is plain and unambiguous on its face, we ordinarily do not look to legislative history as a guide to its meaning."). The limitation in § 1229a is clear -- it applies to aliens who have been permitted to voluntarily depart, and not to aliens who have been granted voluntary departure and then *not* permitted to so depart.

**2.   Mr. Hernandez-Garcia was Denied *All* the Benefits of Voluntary Departure.**

The government also argues that the main benefit of voluntary departure is that it facilitates the possibility of return to the United States. The government argues that Mr. Hernandez-Garcia could have applied for admission into the United States, without facing the ten-year ban an order of removal imposes. In fact, because the government illegally removed Mr. Hernandez-Garcia from the United States after the judge ordered voluntary departure, he was effectively denied this benefit. When Mr. Hernandez-Garcia was removed from the country he was administered a warning. The warning told him that he was not permitted to apply for admission into the United States for a period of ten years, because he had been ordered removed by an immigration judge. Ex. G. As a teenager with no understanding of the complex immigration laws, being told by immigration authorities that he was not able to apply for admission was tantamount to denying

1  him the right to apply for admission.

2        Mr. Hernandez-Garcia was also denied the other benefits of voluntary departure -- being able
3  to choose where, how, and to some extent when he would leave the United States and to where he would go;
4  having the opportunity to close up his affairs before he left the country; his liberty interest of being able to
5  travel out of the United States and into Mexico out of custody; and the stigma of being returned to Mexico
6  while in custody. Thus, having been denied most of the benefits of voluntary departure, and effectively denied
7  the most important benefit, Mr. Hernandez Garcia's illegal removal denied him all the benefits of voluntary
8  departure.

9        The immigration judge in 1997 ordered that Mr. Hernandez-Garcia receive relief from removal
10 in the form of voluntary departure. By mistake of the government, Mr. Hernandez-Garcia was denied that
11 relief. His situation could be analogized to other forms of relief from removal, such as asylum status. If an
12 immigration judge had ordered asylum relief, and the government nonetheless physically removed the alien
13 from the United States and informed him that he could not return to the United States, it would not matter that
14 the alien might still technically have asylum status in the United States. No one would doubt that such alien
15 would have been denied the benefit of asylum status. It is the same concept in Mr. Hernandez-Garcia's case.
16 The judge ordered relief -- that he be entitled to voluntary departure -- and the government, in contravention
17 of the judge's order, denied him that relief. Thus, even if his prior grant of voluntary departure would have
18 qualified under § 1229c(c), it cannot qualify because he simply never received the ordered relief.

19 **II.**
20 **CONCLUSION**

21       For the foregoing reasons including Mr. Hernandez-Garcia's original motion, the indictment
22 against Mr. Hernandez-Garcia must be dismissed for due process violation in his underlying removal
23 proceeding.

24       Respectfully submitted,

25

26 Dated: August 22, 2008      *s/ Bridget Kennedy*
                                                              **BRIDGET KENNEDY**
27                                                               Federal Defenders of San Diego, Inc.
                                                              Attorneys for Juan Manuel Hernandez-Garcia

28